JOHN T. WILSON TEXAS SBN 24008284
john@wilsonlegalgroup.com
WILSON LEGAL GROUP P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088

Attorney for Plaintiff
BuzzBallz, L.L.C.

GLENN T. LITWAK SBN 91510
glenn@glennlitwak.com
Law Offices of Glenn T. Litwak
201 Santa Monica Blvd., Ste. 300
Santa Monica, California 90401
(T) 310-858-5574
(F) 310-207-4180

Local Counsel for Plaintiff
BuzzBallz, L.L.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BUZZBALLZ, L.L.C., a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>BUZZBOX BEVERAGES, INC., a Nevada Corporation; and BENDISTILLERY, INC., an Oregon Corporation, d/b/a BUZZBOX, d/b/a BUZZBOX COCKTAILS, and d/b/a BUZZBOX BEVERAGES,<br><br>Defendants. | ) | Case No.:<br><br>COMPLAINT FOR:<br>(1) Trademark Infringement Under; 15 U.S.C. § 1114(1)(a);<br>(2) False Designation of Origin and Trade Dress Infringement Under 15 U.S.C. § 1125(a)(1)(A);<br>(3) Temporary and Permanent Injunction; and<br>(4) Accounting |

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff BUZZBALLZ, L.L.C. ("BUZZBALLZ") and brings its Original Complaint against Defendants BuzzBox Beverages, Inc. and Bendistillery, Inc. d/b/a BuzzBox, d/b/a BuzzBox Cocktails, and d/b/a BuzzBox Beverages (the "Complaint") and, in support of said Complaint, avers as follows:

## I. PARTIES

1. Plaintiff BUZZBALLZ is a Texas Limited Liability Company with a principle place of business located in Dallas County, Texas.

2. Defendant BUZZBOX BEVERAGES, INC. ("BUZZBOX") is a Nevada Corporation with a principle place of business in California at 71935 Highway 111, Rancho Mirage, California 92270 and may be served with process by and through its Registered Agent, Roman M. Whittaker, located at 73525 El Paseo, Suite 2516, Palm Desert, California 92260 or wherever else he may be found.

3. Defendant BENDISTILLERY, INC. D/B/A BUZZBOX, D/B/A BUZZBOX COCKTAILS, AND D/B/A BUZZBOX BEVERAGES ("BENDISTILLERY") is an Oregon Corporation with its principle place of business at 19330 Pinehurst Rd., Bend, Oregon 97701 and may be served with process by and through its Registered Agent, Alan Dietrich, located at 19330 Pinehurst Rd., Bend, Oregon 97701

## II. JURISDICTION & VENUE

4. This Court has subject-matter jurisdiction over BUZZBALLZ's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338.

5. This Court has personal jurisdiction over BUZZBOX, pursuant to Cal. Civ. Proc. Code § 410.10 (West 2014), in that BUZZBOX does business in California, having availed itself of the laws of California by incorporating as a foreign corporation, having established a principle place of business in California, and having applied to the California Department of Alcoholic Beverage Control to be licensed as a Distilled Spirits Importer and a Distilled Spirits Wholesaler.

6. This Court has personal jurisdiction over BENDISTILLERY, pursuant to Cal. Civ. Proc. Code § 410.10 (West 2014), in that BENDISTILLERY does business in California, having availed itself of the laws of California and applied to the California Department of Alcoholic Beverage Control to be licensed as an Out-of-State Distilled Spirit Shipper.

7. Venue is proper in this district with respect to BUZZBALLZ's claims, pursuant to 28 U.S.C. § 1391, in that BUZZBOX and BENDISTILLERY are deemed to reside in this district because of the Court's personal jurisdiction and in that BUZZBOX and BENDISTILLERY's most significant contacts are in this district.

## III. FACTUAL BACKGROUND

8. BUZZBALLZ is the owner of a Federal Graphic Trademark, Registration No. 3,865,524, in International 33 for an image consisting of the word "BuzzBallz" in Gill Sans Ultra Bold Font with depictions of rounded drink containers (the "BuzzBallz Graphic Mark") (hereinafter the BuzzBallz Text Mark and the BuzzBallz Graphic Mark are collectively referred to as the "BuzzBallz Marks"), as follows:




9. Said BuzzBallz Graphic Mark was first used by BUZZBALLZ not later than March 1, 2009 and was first used in commerce not later than October 1, 2009. A true and correct copy of the Certificate of Registration for said BuzzBallz Graphic Mark is attached hereto as "Exhibit A" and is incorporated by reference as if fully set forth herein.

10. BUZZBALLZ is also the owner of a Federal Text Trademark, Registration No. 4,498,235, in International Class 33 for the text "BuzzBallz" (the "BuzzBallz Text Mark"). Said BuzzBallz Text Mark was first used by BUZZBALLZ not later than March 1, 2009 and was first used in commerce not later than October 1, 2009. A true and correct of the Certificate of Registration for said BuzzBallz Text Mark is attached hereto as "Exhibit B" and is incorporated by reference as if fully set forth herein.

11. On or about February 16, 2013, BUZZBOX filed a Federal Trademark Application, Serial No. 85,851,97, seeking to register a text trademark in International Class 33 on an intent to use basis under 15 U.S.C. § 1051(b) for the text "BUZZBOX" (the "BuzzBox Text Application"). A true and correct copy of said BuzzBox Text Application is attached hereto as "Exhibit C" and is incorporated by reference as if fully set forth herein.

12. Additionally, on or about August 8, 2013, BUZZBOX filed a Federal Trademark Application, Serial No. 86,032,818, seeking to register a graphic trademark in International Class 33 on an intent to use basis under 15 U.S.C. § 1051(b) for an image consisting of the word "BuzzBox" in stylized font (the "BuzzBox Graphic Application) (hereinafter, the trademarks sought in the BuzzBox Text Application and the BuzzBox Graphic Application are collectively referred to as the "BuzzBox Marks"), as follows:

BuzzBox

13. A true and correct copy of said BuzzBox Graphic Application is attached hereto as "Exhibit D" and is incorporated by reference as if fully set forth herein.

14. Upon information and belief BUZZBOX and BENDISTILLERY are affiliated and work together in manufacturer/wholesale and/or importer/distributor relationship to manufacture, import, distribute, and/or sell alcoholic beverages bearing

and/or sold under the BuzzBox Marks; specifically, upon information and belief BENDISTILLERY is a contract bottler for BUZZBOX working under Permit Number DSP-OR-14 provided by the Alcohol and Tobacco Tax and Trade Bureau of the U.S. Department of the Treasury (the "TTB"). Since August 28, 2013, BENDISTILLERY has filed approximately sixteen (16) Applications for and Certification/Exemption of Label/Bottle Approval with the TTB for various labels incorporating the BuzzBox Marks (the "Label Applications"). A true and correct copy of said Label Applications is attached hereto as "Exhibit E" and is incorporated by reference as if fully set forth herein.

15. The first two labels applied for in said Label Applications included a statement indicating that the product so labelled was produced by BuzzBox Cocktails of Bend, Oregon for BuzzBox Beverages of Palm Springs, California, as follows:

Produced by BuzzBox Cocktails, Bend, Oregon for Buzzbox Beverages, Palm Springs, California

16. Further, each of the labels applied for in the Label Applications lists the website at www.buzzboxbeverages.com, the main page of which references "BuzzBox Beverages, Inc.". A true and correct copy of said main page of the website located at www.buzzboxbeverages.com is attached hereto as "Exhibit F" and is incorporated by reference as if fully set forth herein.

17. As set forth herein above, the BuzzBox Marks are substantially similar to the BuzzBallz Marks. Specifically, as regards the text of the marks, both “BuzzBallz” and “BuzzBox” incorporate the term “buzz” followed by a second term alliteratively beginning with “b” and involving a rounded vowel sound. Further, both terms involve the same number of syllables, the same pattern of percussive beats, and the same emphases. Amidst such similarities, the primary difference between “BuzzBallz” and “BuzzBox” is merely the difference in ending sounds of “llz” and “x,” respectively.

18. Further, the trademark sought in the BuzzBox Graphic Application and the trademark protected by the BuzzBallz Graphic Mark incorporate the text “BuzzBox” and “BuzzBallz,” respectively, in highly similar bold-face, sans-serif stylized fonts; the graphical trademarks involve essentially identical font size, weight, and kerning, and both utilize capitalization for the “b” of the second term. Additionally, upon information and belief, Defendants have mimicked certain design elements of BUZZBALLZ labels to increase the likelihood of Defendants’ products being associated with and/or mistaken for BUZZBALLZ’s products. By way of example, BUZZBALLZ’s labels incorporate stylistic elements advising consumers to “Shake It!” and “Have a Ball!!” as follows:

Have a Ball !!

SHAKE IT!

19. A true and correct copy of a representative example of BUZZBALLZ's label design is attached hereto as "Exhibit G" and is incorporated herein by reference. Defendants' have mimicked both of the above elements from BUZZBALLZ's label in their Label Application by having the phrase "Shake it baby!" in a location and italicized design similar to "Have a Ball!!" on BUZZBALLZ's label, as follows:




20. See Exhibit E, p. 15. Moreover, the BuzzBox Text Application and the BuzzBox Graphic Application were brought in the same trademark class as the BuzzBallz Marks, and both BUZZBALLZ and Defendants BUZZBOX and BENDISTILLERY operate in the same marketspace, so much so that their respective products have appeared side-by-side in distilled beverage award competitions. Specifically, both BUZZBALLZ and Defendants won awards in the 2014 International Craft Awards Competition, appearing next to each other in the listing of award winners for said competition. A true and correct copy of said listing of award winners for the 2014 International Craft Awards Competition is attached hereto as "Exhibit H" and is incorporated by reference as if fully set forth herein.

21. Additionally, the foregoing similarities between the BuzzBallz Marks and the BuzzBox Marks and the similarities between BUZZBALLZ and Defendants' respective products have already lead to consumers conflating and/or associating

BUZZBALLZ and/or its products with Defendants and/or their products. By way of example, users of the social media website www.iconosquare.com have commented on images of Defendants' product, stating: "[sic] those have a s**t ton of alcohol content if they're like the buzz balls" (expletives omitted). A true and correct copy of said webpage and comment is attached hereto as "Exhibit I" and is incorporated by reference as if fully set forth herein.

22. Over approximately the past five years, BUZZBALLZ has developed and established considerable and valuable consumer goodwill in its goods sold under the BuzzBallz Marks, having built up a nationwide distribution and sales network and substantial online presence in marketing and social media. Further, BUZZBALLZ and its products have been particularly successful and well-received in the California markets. Upon information and belief, Defendants' use of the BuzzBox Marks is intended to, directly or indirectly, trade upon the goodwill and name-recognition created by BUZZBALLZ in its products; Defendants seek to unfairly benefit themselves thereby to BUZZBALLZ's detriment.

23. For these reasons, because of the similarities between the BuzzBallz Marks and the BuzzBox Marks, and because of the high likelihood of confusion between BUZZBALLZ and Defendants and their respective products, BUZZBALLZ

comes now and brings this complaint for infringement of its trademarks, as more specifically pled for below.[1]

## IV. SUMMARY OF CAUSES OF ACTION AND CLAIMS FOR RELIEF

24. Plaintiff hereby reincorporates paragraphs 1 through 21 above by reference as if fully set forth herein.

25. This is a suit for trademark infringement and for related causes of action and relief, as follows: i) Trademark Infringement under 15 U.S.C. § 1114(1)(a); ii) False Designation of Origin and Trade Dress Infringement under 15 U.S.C. § 1125(a)(1)(A); iii) Request for Temporary and Permanent Injunction; and iv) Demand for Accounting.

### A. COUNT I: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)(A)

26. Plaintiff owns the BuzzBallz Marks.

27. Plaintiff has protectable rights in the BuzzBallz Marks.

28. Plaintiff's use of the BuzzBallz Marks predates Defendants' use of the BuzzBox Marks in that the BuzzBox Text Application and the BuzzBox Graphic Application were brought on an intent to use basis.

[1] For clarity, Plaintiff is bringing this action because the opposition periods for the BuzzBox Text Application and the BuzzBox Graphic Application have passed; however, because the applications remain in a 1(b) intent to use status, the BuzzBox Marks remain unregistered, and Plaintiff is unable to seek a cancellation with the Trademark Trial and Appeal Board.

29. Defendants' use of the BuzzBox Marks is in the same class as Plaintiff's use of its BuzzBallz Marks.

30. Plaintiff is the owner of valid, protectable, and registered trademarks—namely, the BuzzBallz Marks—the primary significance of which, in the minds of the public, is to identify the source of the product in addition to the product itself.

31. Defendants have infringed upon Plaintiff's exclusive right to use its proprietary BuzzBallz Marks by, *inter alia*, placing into commerce, offering to sell, selling, and/or distributing goods under and/or bearing colorable imitations of the BuzzBallz Marks—namely, the BuzzBox Marks—without Plaintiff's consent or authorization.

32. Such unauthorized use of the BuzzBox Marks by Defendants has caused actual confusion and is likely to continue causing confusion, mistake, or deception to the public.

33. Defendants' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

34. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered damages with the jurisdictional limits of this Court. Under 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants: i) Defendants' profits arising from their use of the BuzzBox Marks; ii) actual damages sustained by Plaintiff; and iii) the costs of this action.

**B. COUNT II: FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(A)(1)(A)**

35. Plaintiff is the owner of valid, protectable, and registered trademarks—namely, the BuzzBallz Marks—the primary significance of which, in the minds of the public, is to identify the source of the product in addition to the product itself.

36. Plaintiff has developed valuable goodwill associated with its BuzzBallz Marks.

37. Defendants, in connection with their goods and/or the containers for their goods, have used and placed into commerce words, terms, and/or names—namely, the BuzzBox Marks—which are likely to cause, and have caused, confusion or mistake and/or are likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, and/or approval of Defendants' goods by Plaintiff.

38. Such use of the BuzzBox Marks by Defendants constitutes false and misleading description, advertising, and designation as to the origin and/or sponsorship of Defendants' goods and constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

39. In accordance with 15 U.S.C. § 1116, Defendants should, after notice and hearing, be preliminarily and permanently enjoined from using the BuzzBox Marks, any confusingly similar variant thereof, and any other colorable imitation of the BuzzBallz Marks, alone or in combination with other words, as a trademark, corporate

name, assumed business name, trade name component, domain name, or to otherwise market, advertise, distribute, or identify products or services.

40. As a direct and proximate result of Defendants' use of the BuzzBox Marks, which are confusingly and deceptively similar to Plaintiff's BuzzBallz Marks, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court. Under 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants: i) Defendants' profits arising from their use of the BuzzBox Marks; ii) actual damages sustained by Plaintiff; and iii) the costs of this action.

41. Further, upon information and belief, Defendants were aware of Plaintiff's BuzzBallz Marks and Plaintiff's use thereof in commerce prior to Defendants' use of the BuzzBox Marks and filing the BuzzBox Text Application and BuzzBox Graphic Application. Accordingly, upon information and belief, Defendants' acts in using the BuzzBox Marks were done willfully and intentionally to trade upon the goodwill Plaintiff has developed in association with its BuzzBallz Marks.

42. As such, because of the knowing, intentional, and purposeful nature of Defendants' use of the BuzzBox Marks to trade upon the goodwill built up in Plaintiff BuzzBallz Marks, this is an exceptional case within the meaning of 15 U.S.C. 1117, and Plaintiff should recover up to three times the amount of its actual damages, as determined by the Court, and reasonable attorney's fees.

**C. REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION**

43. Because of Defendants' use of the BuzzBox Marks, Defendants have undermined Plaintiff's business by introducing and/or selling to the market goods bearing and/or sold under trademarks that are confusingly and deceptively similar to Plaintiff's protected and recognized BuzzBallz Marks, creating marketplace confusion as to origin, sponsorship, or approval of such goods and/or as to Defendants' affiliation with Plaintiff.

44. Defendants' use of the BuzzBox Marks have caused and continued to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

45. Because Plaintiff can readily establish itself as owner of the BuzzBallz Marks and that the BuzzBox Marks are confusingly similar to Plaintiff's BuzzBallz Marks, Plaintiff is likely to succeed on the merits of this case, seeking to prohibit Defendants' use of the BuzzBox Marks.

46. The injury faced by Plaintiff outweighs the injury that would be sustained by enjoining Defendants from using the BuzzBox Marks.

47. Furthermore, the Court's granting of a temporary injunction against Defendant's use of the BuzzBox Marks would not adversely affect public policy or public interest.

48. Plaintiff respectfully requests that Defendants be enjoined from selling and/or marketing any goods and/or products under or bearing the BuzzBox Marks, any

confusingly similar variant thereof, or any other colorable imitation of Plaintiff's BuzzBallz Marks and from promoting, endorsing, sponsoring and/or otherwise approving of any such sales and/or marketing. If necessary, Plaintiff is willing to post a bond in order for the Court to issue the temporary injunction against Defendants.

**D. DEMAND FOR ACCOUNTING**

49. Plaintiff respectfully demands an accounting of Defendants' sales resulting from Defendants' infringement, as plead hereinabove, and that, after such accounting, Defendants' profits resulting from such sales be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case. Plaintiff further demands that all goods and advertisements bearing the trademarks sought in the BuzzBox Text Application and the BuzzBox Graphic Application in Defendants' possession, custody, or control be properly disposed of as the Court finds to be just under the circumstances of this case, including, but not limited to, turning over such items to Plaintiff.

50. Plaintiff requests that the Court order Defendants to indemnify and hold Plaintiff harmless against any and all potential claims of third parties arising out of Defendants' sale, offer of sale, distribution, or use of goods bearing or sold under the trademarks sought in the BuzzBox Text Application and the BuzzBox Graphic Application or goods in any other way likely to cause consumers to erroneously believe such goods to be endorsed, sponsored, or approved of by Plaintiff or otherwise

affiliated with Plaintiff. Plaintiff further requests that the Court order Defendant to identify and disclose the vendors used to produce and/or package the infringing goods and any clientele that have purchased the infringing goods.

## V. ATTORNEY'S FEES

51. Because of the conduct of Defendants, Plaintiff has been compelled to engage the services of an attorney and local counsel to prosecute this action. Further, because of the knowing, willful, and intentional nature of Defendants wrongful acts pled herein, this case is exceptional within the meaning of 15 U.S.C. § 1117. Accordingly, Plaintiff is entitled to recover a reasonable sum for the necessary services of the Wilson Legal Group P.C. and the Law Offices of Glenn T. Litwak incurred in the preparation and trial of this action and any resulting appeals.

## VI. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff BUZZBALLZ, L.L.C. prays that this Court enter judgment against Defendants BUZZBOX BEVERAGES, INC. and BENDISTILLERY, INC. D/B/A BUZZBOX, D/B/A BUZZBOX BEVERAGES, AND D/B/A BUZZBOX COCKTAILS, enjoining Defendants from using the BuzzBox Marks, any confusingly similar variant thereof, or any other colorable imitation of Plaintiff's BuzzBallz Marks and awarding Plaintiff its actual damages and Defendants' profits arising from Defendants' use of the BuzzBox Marks; an additional amount of not more than three times Plaintiff's damages, to be determined

by the Court; post-judgment interest on Plaintiff's actual damages; and Plaintiff's costs and reasonable attorney's fees. Plaintiff prays for such further relief, at law or in equity, to which it may show itself entitled.

**DATED**: August 18, 2014.

Respectfully submitted,
**WILSON LEGAL GROUP P.C.**

By: /s/John T. Wilson

John T. Wilson
State Bar No. 24008284
john@wilsonlegalgroup.com
Kandace D. Walter
State Bar No. 24047068
kandace@wilsonlegalgroup.com
Ryan S. Prugh
State Bar No. 24088259
ryan@wilsonlegalgroup.com
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972.248.8080;
(F) 972.248.8088;

**ATTORNEYS FOR PLAINTIFF BUZZBALLZ, L.L.C.**