JOHN T. WILSON, TX SBN 24008284
john@wilsonlegalgroup.com
WILSON LEGAL GROUP P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972-248-8080
(F) 972-248-8088

Attorney for Plaintiff/
Counterclaim Defendant

GLENN T. LITWAK, SBN 91510
glenn@glennlitwak.com
LAW OFFICES OF GLENN T. LITWAK
201 Santa Monica Boulevard, Suite 300
Santa Monica, California 90401
(T): 310-858-5574
(F): 310-207-4180

Local Counsel for Plaintiff/
Counterclaim Defendant

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUZZBALLZ, L.L.C., a Texas Limited Liability Company, | Case No.: 5:14-cv-01725 |
| Plaintiff/Counterclaim Defendant, | AGREED PROPOSED JURY INSTRUCTIONS |
| vs. | Pre-Trial Conference: April 4, 2016 Time: 2:30 PM |
| BUZZBOX BEVERAGES, INC., a Nevada Corporation; and BENDISTILLERY, INC., an Oregon Corporation, d/b/a BUZZBOX, d/b/a BUZZBOX COCKTAILS, and d/b/a BUZZBOX BEVERAGES, | Judge: Hon. Virginia A. Phillips Courtroom: 780 **[JURY TRIAL DEMANDED]** |
| Defendants/Counterclaim Plaintiffs. | Complaint Filed: August 20, 2014 Jury Trial: April 12, 2016 at 8:30 a.m. |

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff/Counterclaim Defendant BUZZBALLZ, L.L.C. ("BUZZBALLZ") and Defendants/Counterclaim Plaintiffs BUZZBOX BEVERAGES, INC. ("BUZZBOX") and BENDISTILLERY, INC. D/B/A BUZZBOX, D/B/A BUZZBOX COCKTAILS, AND D/B/A BUZZBOX BEVERAGES ("BENDISTILLERY") and, pursuant to Local Rule 51-1 and the Court's Civil Trial Scheduling Order (ECF Doc. No. 31), and file this Agreed Proposed Jury Instruction.

The parties reserve the right to propose new instructions, to withdraw proposed instructions, and to modify their proposed special verdict forms based upon, *inter alia*, the Court's rulings at trial and the evidence introduced at trial.

**DATED**: March 28, 2016.

Respectfully submitted,
**WILSON LEGAL GROUP P.C.**

By: /s/John T. Wilson
   John T. Wilson
   State Bar No. 24008284
   16610 Dallas Parkway, Suite 1000
   Dallas, Texas 75248
   (T) 972.248.8080
   (F) 972.248.8088
   (E) eservice@wilsonlegalgroup.com

**ATTORNEY FOR PLAINTIFF**

**SLOVAK BARON EMPEY
MURPHY & PINKEY LLP**

By: /s/Shaun M. Murphy
   Shaun M. Murphy
   State Bar No. 194965
   1800 E. Tahquitz Canyon Way
   Palm Springs, CA 92262
   (T) 760.322.2275
   (F) 760.322.2107
   (E) murphy@sbemp.com

**ATTORNEY FOR DEFENDANTS**

# TABLE OF CONTENTS

| Party | Title | Source | Page |
|-------|-------|--------|------|
| Agreed | Duty of Jury | Ninth Circuit Model Civil Jury Instruction 1.1A | 1 |
| Agreed | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | Ninth Circuit Model Civil Jury Instruction 1.1C | 2 |
| Agreed | Claims and Defenses | Ninth Circuit Model Civil Jury Instruction 1.2 (modified to identify parties, claims, and defenses) | 3 |
| Agreed | Burden of Proof – Preponderance of the Evidence | Ninth Circuit Model Civil Jury Instruction 1.3 (bracketed language included) | 4 |
| Agreed | Burden of Proof – Clear and Convincing Evidence | Ninth Circuit Model Civil Jury Instruction 1.4 | 5 |
| Agreed | Two or More Parties – Different Legal Rights | Ninth Circuit Model Civil Jury Instruction 1.5 (applicable bracketed language included) | 6 |
| Agreed | What is Evidence | Ninth Circuit Model Civil Jury Instruction 1.6 | 7 |
| Agreed | What is Not Evidence | Ninth Circuit Model Civil Jury Instruction 1.7 | 8 |
| Agreed | Evidence for Limited Purpose | Ninth Circuit Model Civil Jury Instruction 1.8 | 9 |
| Agreed | Direct and Circumstantial Evidence | Ninth Circuit Model Civil Jury Instruction 1.9 | 10 |
| Agreed | Ruling on Objections | Ninth Circuit Model Civil Jury Instruction 1.10 | 11 |
| Agreed | Credibility of Witnesses | Ninth Circuit Model Civil Jury Instruction 1.11 | 12 |
| Agreed | Conduct of the Jury | Ninth Circuit Model Civil Jury Instruction 1.12 (bracketed language included) | 13 |
| Agreed | No Transcript Available to Jury | Ninth Circuit Model Civil Jury Instruction 1.13 | 14 |
| Agreed | Taking Notes | Ninth Circuit Model Civil Jury Instruction 1.14 | 15 |

| | | | |
|---|---|---|---|
| Agreed | Questions to Witnesses by Jurors | Ninth Circuit Model Civil Jury Instruction 1.15 (The parties are providing this instruction for the Court's use if it is the Court's practice to allow questions to witnesses by jurors.  The parties do not, by submitting this instruction, necessarily agree that juror questions would be appropriate in this case.) | 16 |
| Agreed | Bench Conferences and Recesses | Ninth Circuit Model Civil Jury Instruction 1.18 | 17 |
| Agreed | Stipulations of Fact | Ninth Circuit Model Civil Jury Instruction 2.2 | 18 |
| Agreed | Use of Interrogatories of a Party | Ninth Circuit Model Civil Jury Instruction 2.10 | 19 |
| Agreed | Expert Opinion | Ninth Circuit Model Civil Jury Instruction 2.11 | 20 |
| Agreed | Charts and Summaries Not Received in Evidence | Ninth Circuit Model Civil Jury Instruction 2.12 | 21 |
| Agreed | Charts and Summaries in Evidence | Ninth Circuit Model Civil Jury Instruction 2.13 | 22 |
| Agreed | Evidence in Electronic Format | Ninth Circuit Model Civil Jury Instruction 2.14 | 23 |
| Agreed | Duty to Deliberate | Ninth Circuit Model Civil Jury Instruction 3.1 | 24 |
| Agreed | Communication with Court | Ninth Circuit Model Civil Jury Instruction 3.2 | 25 |
| Agreed | Return of Verdict | Ninth Circuit Model Civil Jury Instruction 3.3 | 26 |
| Agreed | Corporations and Partnerships – Fair Treatment | Ninth Circuit Model Civil Jury Instruction 4.1 | 27 |
| Agreed | Liability of Corporations – Scope of Authority Not in Issue | Ninth Circuit Model Civil Jury Instruction 4.2 | 28 |
| Agreed | Damages – Proof | Ninth Circuit Model Civil Jury Instruction 5.1 (bracketed language included); 15 U.S.C. 1117(a) | 29 |

| Agreed | Preliminary Instruction – Trademark | Ninth Circuit Model Civil Jury Instruction 15.0 (modified to identify parties, claims, and defenses) | 30 |
|---|---|---|---|
| Agreed | Definition – Trademark | Ninth Circuit Model Civil Jury Instruction 15.1 (bracketed language included) | 32 |
| Agreed | Trademark Liability – Theories and Policies | Ninth Circuit Model Civil Jury Instruction 15.4 (applicable bracketed language included) | 33 |
| Agreed | Infringement – Elements and Burden of Proof – Trademark | Ninth Circuit Model Civil Jury Instruction 15.5 (modified to identify the parties' marks) | 34 |
| Agreed | Trademark Damages – Actual or Statutory Notice | Ninth Circuit Model Civil Jury Instruction 15.24 (bracketed language included) | 35 |
| Agreed | Trademark Damages – Plaintiff's Actual Damages | Ninth Circuit Model Civil Jury Instruction 15.25 (applicable bracketed language included) | 36 |
| Agreed | Trademark Damages – Defendants' Profits | Ninth Circuit Model Civil Jury Instruction 15.26 (bracketed language included) | 37 |
| Agreed | Trademark Damages – Intentional Infringement | Ninth Circuit Model Civil Jury Instruction 15.27 (bracketed language included) | 38 |
| Agreed | Special Verdict Form – Trademark Infringement | Authority cited in support of following instructions: (1) Infringement – Elements and Burden of Proof – Trademark; (2) Infringement – Elements – Presumed Validity and Ownership – Registered Trademark; (3) Trademark Damages – Actual or Statutory Notice; (4) Trademark Damages – Plaintiff's Actual Damages; (5) Trademark Damages – Defendants' Profits; and (6) Trademark Damages – Intentional Infringement. | 39 |

## COURT'S INSTRUCTION NO. _____

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

## <u>COURT'S INSTRUCTION NO.</u>

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1

## **COURT'S INSTRUCTION NO.** _____

2

  To help you follow the evidence, I will give you a brief summary of the positions of the parties:

3

4

  Plaintiff and Counterclaim Defendant BUZZBALLZ, LLC ("BUZZBALLZ") claims that Defendants and Counterclaim Plaintiffs BUZZBOX BEVERAGES, INC. ("BUZZBOX") and BENDISTILLERY, INC. D/B/A BUZZBOX, D/B/A BUZZBOX COCKTAILS, AND D/B/A BUZZBOX BEVERAGES ("BENDISTILLERY") have infringed BUZZBALLZ' trademarks for the term "BuzzBallz" (the "BuzzBallz Marks") by using in commerce a colorable imitation of the BuzzBallz Marks—namely, trademarks for the term "BuzzBox" (the "BuzzBox Marks")—which use is likely to cause confusion, or to cause mistake, or to deceive.  BUZZBALLZ has the burden of proving that BUZZBOX and BENDISTILLERY have infringed the BuzzBallz Marks.

5

6

7

8

9

  BUZZBOX and BENDISTILLERY deny that they have infringed the BuzzBallz Marks and also assert as affirmative defenses (1) that BUZZBALLZ has waived its right to assert trademark infringement; (2) that BUZZBALLZ is estopped from asserting trademark infringement because it engaged in misleading conduct, which it intended Defendants to rely upon, that caused Defendants to believe, to their detriment, that BUZZBALLZ did not intend to assert trademark infringement against them; (3) that BUZZBALLZ is barred from asserting trademark infringement because it unreasonably delayed in bringing this lawsuit and engaged in affirmative conduct causing Defendants to believe, to their detriment, that BUZZBALLZ did not intend to assert trademark infringement against them; and (4) that BUZZBALLZ is barred from recovering damages from BENDISTILLERY because BENDISTILLERY was engaged solely in the business of printing the term "BuzzBox" for others and any infringement by BENDISTILLERY was done innocently in the course of doing such business.  BUZZBOX and BENDISTILLERY have the burden of proof on these affirmative defenses.

10

11

12

13

14

15

16

17

18

19

  BUZZBALLZ denies BUZZBOX and BENDISTILLERY's affirmative defenses.

20

21

  BUZZBOX and BENDISTILLERY counterclaim that they have a right to offer goods under International Class 33 in connection with the BuzzBox Marks and that they have not infringed any rights that BUZZBALLZ has in its BuzzBallz Marks. BUZZBOX and BENDISTILLERY have the burden of proof on this counterclaim.

22

23

  BUZZBALLZ denies BUZZBOX and BENDISTILLERY's counterclaim.

24

25

26

27

28

3

1

## COURT'S INSTRUCTION NO. ____

2

3

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

4

5

You should base your decision on all of the evidence, regardless of which party presented it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. _____**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

1

## COURT'S INSTRUCTION NO. _____

2

     You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO.    **

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

7

## COURT'S INSTRUCTION NO.    

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

## COURT'S INSTRUCTION NO. _____

2

    Some evidence may be admitted for a limited purpose only.

3

4

    When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

5

    [The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. _____

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

## COURT'S INSTRUCTION NO. _____

2
3
4
5

     There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

6
7
8

     Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NO. ____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## COURT'S INSTRUCTION NO. ___

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## COURT'S INSTRUCTION NO. _____

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## COURT'S INSTRUCTION NO. _____

1

2          If you wish, you may take notes to help you remember the evidence.  If you do
take notes, please keep them to yourself until you and your fellow jurors go to the jury
3    room to decide the case.  Do not let note taking distract you.  When you leave, your
notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No
4    one will read your notes.  They will be destroyed at the conclusion of the case.

5
           Whether or not you take notes, you should rely on your own memory of the
6    evidence. Notes are only to assist your memory.  You should not be overly influenced
by your notes or those of your fellow jurors.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO.____

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

1

## COURT'S INSTRUCTION NO. _____

2
3
4
5

     From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

6
7
8
9

     Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## COURT'S INSTRUCTION NO. _____

2
     The parties have agreed to certain facts [to be placed in evidence as Exhibit ___]
[that will be read to you]. You should therefore treat these facts as having been proved.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NO. _____

2

      Evidence [will now be] [was] presented to you in the form of answers of one of
the parties to written interrogatories submitted by the other side.  These answers [have
been] [were] given in writing and under oath, before the actual trial, in response to
questions that were submitted in writing under established court procedures.  You
should consider the answers, insofar as possible, in the same way as if they were made
from the witness stand.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. ____

1

2       Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

3

4       Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. _____

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

1

## COURT'S INSTRUCTION NO. _____

2

    Certain charts and summaries [may be] [have been] received into evidence to

3

illustrate information brought out in the trial.  Charts and summaries are only as good

as the underlying evidence that supports them.  You should, therefore, give them only

4

such weight as you think the underlying evidence deserves.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. ___

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.] When the court technician or any non juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

## COURT'S INSTRUCTION NO. _____

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

## COURT'S INSTRUCTION NO. _____

2

    If it becomes necessary during your deliberations to communicate with me, you
3  may send a note through the [marshal] [bailiff], signed by your presiding juror or by
   one or more members of the jury.  No member of the jury should ever attempt to
4  communicate with me except by a signed writing; I will communicate with any member
   of the jury on anything concerning the case only in writing, or here in open court.  If
5  you send out a question, I will consult with the parties before answering it, which may
   take some time.  You may continue your deliberations while waiting for the answer to
6  any question.  Remember that you are not to tell anyone—including me—how the jury
   stands, numerically or otherwise, until after you have reached a unanimous verdict or
7  have been discharged.  Do not disclose any vote count in any note to the court.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. _____

A verdict form has been prepared for you.  [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## COURT'S INSTRUCTION NO. ____

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

## COURT'S INSTRUCTION NO. ____

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## COURT'S INSTRUCTION NO. _____

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's trademark infringement claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.  You should consider the following:

(1)     defendants' profits;

(2)     any damages sustained by plaintiff; and

(3)     the costs of the action.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## COURT'S INSTRUCTION NO. ____

The plaintiff, BUZZBALLZ, seeks damages against the defendants, BUZZBOX and BENDISTILLERY, for trademark infringement. The defendants deny infringing the trademarks. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION OF A TRADEMARK

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark.

### HOW A TRADEMARK IS OBTAINED

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace, or by using it before the alleged infringer. Rights in a trademark are obtained only through commercial use of the mark.

### TRADEMARK INTERESTS

The owner of a trademark may enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee.

A trademark owner may enforce the right to exclude others in an action for infringement.

### TRADEMARK REGISTRATION

Once the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark in connection with the type of goods specified in the certificate.

### THE PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, BUZZBALLZ, contends that the defendants, BUZZBOX and BENDISTILLERY, have infringed the plaintiff's trademarks. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendants infringed that trademark. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendants infringed the plaintiff's trademark.

1

### THE DEFENDANTS' BURDEN OF PROOF

2

3
　　The defendants contend that plaintiff's claims are barred by the doctrine of waiver, that plaintiff's claims are barred by the equitable doctrine of estoppel, that plaintiff's claims are barred by the equitable doctrine of acquiescence, that plaintiff's claims are barred because defendants' conduct is not likely to cause confusion or to cause mistake or to deceive, and that plaintiff is barred from recovering damages because any infringement by defendants was done without knowledge or intent.  The defendants have the burden of proving by a preponderance of the evidence that plaintiff's claims are barred by the doctrine of waiver, that plaintiff's claims are barred by the equitable doctrine of estoppel, that plaintiff's claims are barred by the equitable doctrine of acquiescence, and that plaintiff is barred from recovering damages because any infringement by defendants was done without knowledge or intent.

4

5

6

7

8

9
　　Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that plaintiff's claims are barred by the doctrine of waiver, that plaintiff's claims are barred by the equitable doctrine of estoppel, that plaintiff's claims are barred by the equitable doctrine of acquiescence, or that plaintiff is barred from recovering damages because any infringement by defendants was done without knowledge or intent.

10

11

12

13
　　BUZZBALLZ, BUZZBOX, and BENDISTILLERY are persons as that term is used in these instructions.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## COURT'S INSTRUCTION NO. ____

2
3

     A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods, even if that source is generally unknown.

4

     A person who uses the trademark of another may be liable for damages.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. _____

The trademark laws balance three often-conflicting goals:   1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict.  Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In my instructions, I will identify types of facts you are to consider in deciding if the defendants are liable to the plaintiff for violating the trademark law.  These facts are relevant to whether the defendants are liable for:

    1.    infringing plaintiff's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers.

## COURT'S INSTRUCTION NO. _____

On the plaintiff's claim for trademark infringement, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence that:

1.    plaintiff's trademark for the word "BuzzBallz" and/or plaintiff's trademark for an graphic incorporating the word "BuzzBallz" are valid, protectable trademarks;

2.    the plaintiff owns the term "BuzzBallz" and/or a graphic incorporating the term "BuzzBallz" as trademarks; and

3.    the defendants used a term and/or a graphic incorporating the term which is similar to plaintiff's trademark for the word "BuzzBallz" and/or plaintiff's trademark for a graphic incorporating the word "BuzzBallz," without the consent of the plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove [any/all] of these elements, your verdict should be for the defendants.

1

## COURT'S INSTRUCTION NO. _____

2       In order for plaintiff to recover damages, the plaintiff has the burden of proving
3  by a preponderance of the evidence that defendants had either statutory or actual notice
   that the plaintiff's trademark was registered.

4       Defendants had statutory notice if:

5
   1.      plaintiff displayed with the trademark the words "Registered in U.S.
6          Patent and Trademark Office" or

7  2.      plaintiff displayed with the trademark the words "Reg. U.S. Pat. & Tm.
8          Off." or

9  3.      plaintiff displayed the trademark with the letter R enclosed within a circle,
           thus ®.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S INSTRUCTION NO. \_\_\_\_\_

If you find for the plaintiff on the plaintiff's infringement claim and find that the defendants had statutory notice or actual notice of the plaintiff's registered trademark, you must determine the plaintiff's actual damages.

The plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury or property damage you find was caused by the defendants' infringement of the plaintiff's registered trademark.

You should consider the following:

1.   The injury to the plaintiff's reputation;

2.   The injury to plaintiff's goodwill, including injury to the plaintiff's general business reputation;

3.   The lost profits that the plaintiff would have earned but for the defendants' infringement. Profit is determined by deducting all expenses from gross revenue;

4.   The expense of preventing customers from being deceived; and

5.   The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement.

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of the plaintiff's mark at the time of the infringement by the defendant.

## COURT'S INSTRUCTION NO. _____

In addition to actual damages, the plaintiff is entitled to any profits earned by the defendants that are attributable to the infringement, which the plaintiff proves by a preponderance of the evidence. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of defendants' receipts from using the trademark in the sale of a product. The plaintiff has the burden of proving a defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating and production costs incurred in producing the gross revenue. The defendants have the burden of proving the expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the ready-to-drink alcoholic cocktails using the trademark is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

1

## **COURT'S INSTRUCTION NO.** ____

2
3

      If you find that the defendants infringed the plaintiff's trademark, you must also determine whether the defendants used the trademark intentionally, knowing it was an infringement.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COURT'S SPECIAL VERDICT FORM INSTRUCTION NO. _____

1.      Do you find that Plaintiff proved by a preponderance of the evidence that it owns a valid text trademark for the term "BuzzBallz"?

_____YES               _____NO

If you answered "Yes" to Question 1, please proceed to Questions 2 and 3. If you answered "No" to Question 1, please proceed to Question 4.

2.      Do you find that Plaintiff proved by a preponderance of the evidence that Defendants' use of the term "BuzzBox" has caused a likelihood of confusion with Plaintiff's text trademark for the term "BuzzBallz"?

_____YES               _____NO

3.      Do you find that Plaintiff proved by a preponderance of the evidence that Defendants' use of a graphic incorporating the term "BuzzBox" has caused a likelihood of confusion with Plaintiff's text trademark for the term "BuzzBallz"?

_____YES               _____NO

4.      Do you find that Plaintiff proved by a preponderance of the evidence that it owns a valid graphic trademark incorporating the term "BuzzBallz"?

_____YES               _____NO

5.      Do you find that Plaintiff proved by a preponderance of the evidence that Defendants' use of the term "BuzzBox" has caused a likelihood of confusion with Plaintiff's graphic trademark incorporating the term "BuzzBallz"?

_____YES               _____NO

6.     Do you find that Plaintiff proved by a preponderance of the evidence that Defendants' use of a graphic incorporating the term "BuzzBox" has caused a likelihood of confusion with Plaintiff's graphic trademark incorporating the term "BuzzBallz"?

_____YES                              _____NO

7.     If you answered "Yes" to Question 1 or 4 AND answered "Yes" to Question 2, 3, 5, or 6, please state the amount of actual damages suffered by Plaintiff that are attributable to the infringement, if any.

$_____

8.     If you answered "Yes" to Question 1 or 4 AND answered "Yes" to Question 2, 3, 5, or 6, please state the amount of profits earned by Defendants that are attributable to the infringement, if any.

$_____

Please have the presiding juror sign and date this form.

Date: _____          Signed: _____

40