Shaun M. Murphy (SBN 194965)
I. Emanuela Tala (SBN 292141)
SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 East Tahquitz Canyon Way
Palm Springs, California 92262
Telephone (760) 322-2275
Facsimile (760) 322-2107
murphy@sbemp.com; tala@sbemp.com

Attorneys for Defendants
BUZZBOX BEVERAGES, INC.
BENDISTILLERY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUZZBALLZ, L.L.C., a Texas Limited Liability Company,<br><br>    Plaintiff/Counter Defendant,<br><br>v.<br><br>BUZZBOX BEVERAGES, INC., a Nevada Corporation; and BENDISTILLERY, INC., an Oregon Corporation, d/b/a BUZZBOX, d/b/a BUZZBOX COCKTAILS, and d/b/a BUZZBOX BEVERAGES,<br><br>    Defendants/Counter Claimants. | **CASE NO. 5:14-CV-01725**<br><br>**OUTLINE BRIEF IN SUPPORT OF DEFENDANTS' RULE 50(A) MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Trial Date:    June 7, 2016<br>Time:    8:30 a.m.<br>Courtroom:    12<br>Judge:    Hon. William Keller |

Pursuant to Federal Rules of Civil Procedure 50(a) Defendants BuzzBox Beverages, Inc. and Bendistillery, Inc. submit this Outline Brief in support of their motion for judgment as a matter of law as to Bendistillery, Inc.

    A.    Fed. R. Civ. P. 50(a) allows a party to move for judgment as a matter of law before an issue is submitted to the jury.

Slovak Baron Empey Murphy & Pinkney LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

1

Slovak Baron Empey Murphy & Pinkney LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

Pursuant to Rule 50(a):

(1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment

B.    The law supports judgment as a matter of law in favor of Bendistillery.

To prevail on a trademark infringement claim against Bendistillery, BuzzBallz must show that Bendistillery used the BuzzBox trademarks … in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods. (Ninth Circuit Model Civil Jury Instructions 15.5).

Infringement of a trademark requires use of the subject term as a trademark. Use as a trademark means that the relevant public considers the mark as a means to distinguish the product from other products in the context of the sale of products. See, e.g., Playboy Enter. v. Netscape Commun. Corp., 55 F.Supp.2d 1070, 1073-74 (C.D. CA 1999) (preliminary injunction denied where plaintiff could not show that defendants use the terms in their trademark form).

2

C.    Judgment as a matter of law is appropriate because BuzzBallz has not carried its burden of proving that Bendistillery used the BuzzBox trademarks.

BuzzBallz cannot show that Bendistillery used the term BuzzBox as a trademark in connection with the sale of goods. Rather, the evidence is as follows:

-    Both Mr. Vandenbos and Mr. Bendis testified that BuzzBox, not Bendistillery owns the "BuzzBox" trademark.

-    Both Mr. Vandenbos and Mr. Bendis testified that Bendistillery did not have the right to use the term "BuzzBox" as a trademark.

-    Mr. Bendis testified that Bendistillery obtained a d/b/a for the trade name "BuzzBox" for purposes of completing the certificates of label approval (COLAs)

-    Mr. Bendis has also testified that Bendistillery has obtained d/b/a or COLAs for one hundred of its other clients.

-    Mr. Bendis has also testified that COLAs are federally required for taxation purposes.

-    Even the government recognizes that an applicant may use a trade name or d/b/a

-    Neither a d/b/a nor a COLA allow Bendistillery to use the term "BuzzBox' as a trademark. The d/b/a is nothing more than a trade name. The trade name is not use of the term "BuzzBox" as a trademark.

-    By identifying the brand in response no. 6 on the COLA, Bendistillery is not representing that it owns the brand, it is merely identifying for the federal government the brand under which the product will be sold.

-    The trade name on the label is nothing more than an identifier of the importer and producer of the liquor used to make the product.

Slovak Baron Empey Murphy & Pinkney LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

3

- Mr. Bendis has testified that Bendistillery has never marketed BuzzBox products, has never sold BuzzBox products and derives no revenue from the sale of any BuzzBox products.
- There is only one trademark owner, that is BuzzBox Beverages; it is the only one using the term "BuzzBox" as a trademark, i.e., to indicate the source of the goods; thus it is the only entity which may be subject to liability for trademark infringement

Plaintiff has shown only that Bendistillery has used the term "BuzzBox" as a trade name. However, Plaintiff is legally required to show that Bendistillery used the term "BuzzBox" as a trademark in connection with the sale of goods. Plaintiff has introduced no such evidence, and it therefore cannot sustain its burden of proof. The issue should not be presented to the jury and the court should judgment for Bendistillery.

DATED:  June 10, 2016          Respectfully submitted,

**SLOVAK BARON EMPEY MURPHY & PINKNEY LLP**


By: */s/* **Shaun M. Murphy**
Shaun M. Murphy
I. Emanuela Tala
Attorneys for Defendants
BUZZBOX BEVERAGES, INC.
BENDISTILLERY, INC.

Slovak Baron Empey Murphy & Pinkney LLP
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

4